UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BYRON HUART and KEVIN HUART,  :
:
           *Plaintiffs*,  :   **CIVIL ACTION NO.: 10-5437 (FSH)(PS)**
:
  v. :
:
THE GREAT ATLANTIC & PACIFIC TEA   :
COMPANY, INC., A&P, TONY ALIBRONDO, :
JOHN BINCELLETO, JOHN DOES 1-15  :
(fictitious entities), and XYZ CORPORATIONS  :
1-5 (fictitious entities), :
:
           *Defendants*. :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

---

**Return date: December 6, 2010**

                                             PROSKAUER ROSE LLP
                                             John P. Barry
                                             *jbarry@proskauer.com*
                                             Alychia L. Buchan
                                             *abuchan@proskauer.com*
                                             One Newark Center, 18th Floor
                                             Newark, New Jersey 07102-5211
                                             T: 973.274.3200
                                             F: 973.274.3299

**TABLE OF CONTENTS**

**Page No.**

PRELIMINARY STATEMENT ..................................................................................................1

SUMMARY OF THE REVELANT ALLEGATIONS ..................................................................2

LEGAL ARGUMENT ....................................................................................................................5

I.   ALL OF BYRON'S STATE LAW CLAIMS MUST BE
     DISMISSED AS TIME BARRED. ......................................................................................5

     A.   Byron's New Jersey Law Against Discrimination Claims
          (Counts I through IV) are Time Barred..........................................................................5

     B.   Byron's False Imprisonment Claim
          (Count VI) is Also Time Barred.....................................................................................6

II.  ALL OF BYRON'S FEDERAL LAW CLAIMS MUST BE
     DISMISSED BECAUSE THEY ARE TIME BARRED AND
     UNSUSTAINABLE AS A MATTER OF LAW.................................................................7

     A.   All of Byron's Federal Claims
          (Counts I through IV) are Time Barred..........................................................................8

     B.   Byron Failed to Exhaust His Administrative Remedies
          with Regard to His Failure-to-Promote Claims (Count III). ..........................................9

     C.   Byron's Federal Claims Against the Individual Defendants
          (Count IV) Must be Dismissed Because There is No
          Individual Liability Under Title VII or the ADA.........................................................10

CONCLUSION .............................................................................................................................11

# **TABLE OF AUTHORITIES**

**CASES**

Antol v. Perry,
    82 F.3d 1291 (3d Cir. 1996)..................................................................................9

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)..........................................................................................7

Barzanty v. Verizon Pennsylvania, Inc.,
    361 Fed. Appx. 411 (3d Cir. 2010).......................................................................9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955 (2007)..............................................................2, 7

Buck v. Hampton Tp. School Dist.,
    452 F.3d 256 (3d Cir. 2006)..................................................................................3

Burgh v. Borough Council,
    251 F.3d 465 (3d Cir. 2001)..................................................................................8

Earl v. Winne,
    14 N.J. 119 (1953) ................................................................................................6

Figueroa v. Buccaneer Hotel Inc.,
    188 F.3d 172 (3d Cir. 1999)..................................................................................8

Goodman v. Lukens Steel Co.,
    482 U.S. 656 (1987)..............................................................................................7

Hicks v. ABT Assoc., Inc.,
    572 F.2d 960 (3d Cir. 1978)..................................................................................9

Koslow v. Commonwealth of Pennsylvania,
    302 F.3d 161 (3d Cir. 2002)................................................................................10

Montells v. Haynes,
    133 N.J. 282 (1993) ..............................................................................................5

Morris v. Office Max, Inc.,
    89 F.3d 411 (7th Cir. 1996) ..................................................................................7

Mosel v. Hills Dep't Store, Inc.,
    789 F.2d 251 (3d Cir. 1986)..................................................................................8

Roa v. Lafe,
    200 N.J. 555 (2010) ...................................................................................................5

Santiago v. City of Vineland,
    107 F. Supp. 2d 512 (D.N.J. 2000 ..........................................................................7

Sheridan v. E.I. DuPont de Nemours and Co.,
    100 F.3d 1061 (3d Cir. 1996)................................................................................10

Watson v. Eastman Kodak Co.,
    235 F.3d 851 (3d Cir. 2000).............................................................................. 8-9

Webb v. City of Phil.,
    562 F.3d 256 (3d Cir. 2009)....................................................................................9


**STATUTES**

42 U.S.C. § 2000e-5(e)-(f)..................................................................................................8

42 U.S.C. § 12117..............................................................................................................8

N.J.S.A. 10:1-1 et seq. .......................................................................................................5

Section 1981 of the Civil Rights Act of 1866............................................................... 7-8

Title VII of the Civil Rights Act of 1964 ("Title VII") ...............................................2, 7


**RULES**

Fed. R. Civ. P. 8(a)(2)........................................................................................................7

Fed. R. Civ. P. 12(b)(6)............................................................................................ passim

iii

**PRELIMINARY STATEMENT**

Defendant The Great Atlantic & Pacific Tea Company, Inc. ("A&P") and individual defendants John Bincoletto ("Bincoletto") and Anthony Alibrando ("Alibrando") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss all claims asserted by plaintiff Byron Huart ("Byron") with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants are not seeking dismissal at this time of the allegations advanced by Byron's father, plaintiff Kevin Huart ("Kevin").[1]

Nearly three years after Byron was discharged from his employment with A&P for violating A&P's coupon control policy, Byron commenced this action in the Superior Court of the State of New Jersey seeking damages for alleged discriminatory conduct and false imprisonment under New Jersey state law. These state-law claims are based on causes of action (discrimination, hostile work environment and false imprisonment) with a two-year statute of limitations. And, therefore, could not (and cannot) survive a motion to dismiss.

In a transparent attempt to salvage his claims (and before Defendants filed their motion to dismiss), Byron amended his complaint to also assert unlawful discriminatory conduct in violation of federal antidiscrimination laws.[2] Consequently, Defendants removed the action to this Court and now move to dismiss all of Byron's claims (both state and federal). Like his state

---

[1] Pursuant to Fed. R. Civ. P. 12(b), Defendants file this motion to dismiss in lieu of an answer to the Amended Complaint and reserve their right to file an answer after the Court's disposition of this motion. Defendants expressly reserve their right to raise any of its defenses not raised in this motion in the subsequent filings.

[2] A copy of the Amended Complaint is annexed to the accompanying Declaration of John P. Barry, Esq. in Support of Defendants' Partial Motion to Dismiss ("Barry Decl.") as Exhibit A and shall be referenced herein as "(Am. Compl. ¶[number])."

law claims, Byron's federal claims fail to and cannot meet the mandatory procedural prerequisites to filing an action in this Court and are unsustainable as a matter of law.

Under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"), to have a viable civil lawsuit, Byron was required to first exhaust his administrative remedies and subsequently commence this civil action within 90 days of receipt of the notice of right-to-sue letter. Byron claims to have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on April 16, 2010. Yet Byron, with assistance of counsel, failed to assert claims under Title VII or the ADA until **after** the 90-day limitations expired. In addition, Byron's failure-to-promote claims impermissibly exceed the limited scope of his EEOC charge and his "aiding and abetting" claims against John and Tony are unsustainable as a matter of law.

In short, Byron's claims – Counts I through IV and Count VI – fail to state a claim upon which relief may be granted and must be dismissed in their entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF THE REVELANT ALLEGATIONS[3]

Defendant A&P is a food and general merchandise retailer, and operates a number of grocery stores throughout New Jersey under the retail banner A&P. (Am. Compl. ¶¶3, 4, 5.) Byron was employed by A&P as a part-time cashier at an A&P banner store located at 510 Valley Road, Montclair, New Jersey ("Montclair location") from April 2006 until his discharge on October 24, 2007. (Id. at ¶13.)

---

[3] These facts are accepted as true solely for the purpose of this motion to dismiss brought pursuant to R. 12(b)(6), and Defendants specifically deny all allegations of wrongdoing set forth by Plaintiffs. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (explaining that in considering R. 12(b)(6) motion court must accept all allegations in complaint as true, even if doubtful in fact).

During Byron's employment with A&P, Bincoletto was Co-Manager of the Montclair location. (Id. at ¶6.) As such, Bincoletto supervised Byron and reported directly to Alibrando, Store Manager of the Montclair location. (Id. at ¶¶6, 7.)

On October 20, 2007, Bincoletto observed Byron accepting unauthorized coupon discounts from an unknown customer on three separate occurrences within the same evening. (Id. at ¶¶30-32.) As a result, on October 22, 2007, Bincoletto and an individual from A&P's loss prevention unit interviewed Byron with regard to his October 20 transactions. (Id. at ¶34.) On that same day, Byron was informed that he was suspended indefinitely. (Id. at ¶46.)

Byron subsequently advised his union representative the he was being suspended. (Id.) Consequently, a meeting was scheduled for October 24, 2007 between store management (Bincoletto and Alibrando), the union and Byron regarding Byron's coupon control policy violation. (Id.) Prior to this meeting, sometime between October 22 and October 24, Byron learned that A&P terminated his employment. (Id. at ¶47.) At the October 24 meeting, Bincoletto and Alibrando confirmed that Byron's employment with A&P was terminated because he violated company policy. (Id. at ¶48.)

Months after his discharge, Byron filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[4] (Id. at ¶54.) In his charge, Byron alleged that A&P subjected him to race-based discriminatory acts in violation of Title VII of the Civil Rights Act. (Id.) A&P denied these allegations and established that Byron was discharged for violating A&P's coupon control policy. (Id. at ¶56.) On April 9, 2010, the EEOC issued Byron

---

[4] Byron's charge of discrimination filed with the EEOC is annexed to the Barry Decl. at Exhibit B. See Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006) (on a motion to dismiss, court may consider documents attached to complaint, incorporated by reference or integral to same, matters of public record and items subject to judicial notice, including relevant filings with administrative agency).

3

a notice of "Right-to-Sue" letter and dismissed his charge. (Id. at ¶57.) Byron claims to have received this Right-to-Sue letter on April 16. (Id.)

Over two and a half years after Byron's discharge, on July 7, 2010, he and his father, plaintiff Kevin Huart (collectively, "Plaintiffs"), commenced this civil action by filing a complaint in the Superior Court of New Jersey, Law Division, Essex County, New Jersey, Docket No. L-5591-10 ("state-court action"). The initial state-court action complaint alleged claims of unlawful discriminatory practices and false imprisonment arising **solely** under New Jersey State Law.

On October 7, 2010, Plaintiffs amended their state-court complaint (the "Amended Complaint"), re-alleging the allegations they initially set forth and, **for the first time**, asserting that Defendants also violated federal antidiscrimination and civil rights laws. (Am. Compl. ¶¶73, 85, 90, 94.) In the Amended Complaint, Byron asserts the following causes of action under state and federal law: (1) wrongful termination on account of race, color, disability and/or request for accommodation (Count I); hostile work environment on account of race, color, disability and/or request for accommodation (Count II); discriminatory failure to promote on account of race, color, disability and/or request for accommodation (Count III); and aiding and abetting (Court IV). Byron also asserts a false imprisonment claim (Count VI) pursuant to New Jersey common law. Based on Byron's newly pleaded federal discrimination claims, Defendants removed the state-court action, in its entirety, to this Court on October 21, 2010. As will be discussed below, all of Byron's claims, both state and federal, are barred by the appropriate statute of limitations and unsustainable as a matter of law.

**LEGAL ARGUMENT**

I. **ALL OF BYRON'S STATE LAW CLAIMS MUST BE DISMISSED AS TIME BARRED.**

    A. **Byron's New Jersey Law Against Discrimination Claims (Counts I through IV) are Time Barred.**

Counts I through IV assert discrimination-based claims pursuant to "state civil rights … and state laws against discrimination." (Am. Compl. ¶¶ 73, 85, 90, 94.) New Jersey's antidiscrimination and civil rights laws are codified under the statutory scheme of the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. 10:1-1 et seq. Claims arising under the NJLAD are subject to a two-year statute of limitations. Roa v. Lafe, 200 N.J. 555, 566 (2010); Montells v. Haynes, 133 N.J. 282, 292 (1993).

This statute "operates as do all limitations periods, to cut off a claim that is filed more than two years after the complained-of discriminatory act." Roa, 200 N.J. at 566. Accepting all pleaded allegations in the Amended Complaint as true, and viewing them in the light most favorable to Byron, all of Byron's claims brought pursuant to the NJLAD accrued on or before October 24, 2007 – more than two years before the initial complaint was filed – and, therefore, are barred by the statute of limitations.

Count I asserts that Byron's discharge violated the NJLAD because it was unlawfully based on his race, color, disability and/or request for accommodation. (Am. Compl. ¶¶68-73.) Byron alleges that he received notice of his discharged on or before October 24, 2007. (Id. at ¶47, 48.) Thus, to be timely Byron was required to file this claim on or before October 26, 2009. Byron, however, filed this claim on July 7, 2010 – eight months after the limitations period ran. Count I is, therefore, untimely.

Count II alleges that, during his employment with A&P, Byron was subjected to a hostile work environment because of his race, color, disability and/or request for accommodation in

5

violation of the NJLAD. (Id. at ¶¶75-85.) The Amended Complaint does not assert any allegations – nor could it – that this hostile work environment continued beyond his discharge. Yet, Byron did not file this claim until July 7, 2010, almost three years after the date of the alleged harassment and the end of his employment with A&P. Therefore, Count II is also time barred.

In Count III, Byron alleges that, approximately one week prior to his discharge, i.e., October 17, 2007, he applied for an assistant managerial position at A&P. (Id. at ¶87.) Byron claims that he did not receive this promotion, and instead was discharged, because of his race, color, disability and/or request for accommodation in violation of the NJLAD. (Id. at ¶¶86-90.) This Count, like Counts I and II, was not filed on or before October 26, 2009 and, therefore, is time barred.

Count IV asserts that Bincoletto and Alibrando aided and abetted the allegedly discriminatory and unlawful acts set forth in Counts I through III in violation of the NJLAD. Because Counts I through III are untimely, Count IV is also untimely as it was not filed on or before October 26, 2009.

In sum, all of Byron's claims brought pursuant to the NJLAD should have been filed on or before October 26, 2009. Because all of these claims were filed over eight months past the two-year statute of limitations they must be dismissed with prejudice for failure to state a claim.

    **B.**    **Byron's False Imprisonment Claim (Count VI) is Also Time Barred.**

In Count VI, Byron claims that he was falsely imprisoned by Defendants. (Am. Compl. ¶¶101-110.) In New Jersey, a false imprisonment claim, such as this, is subject to a two-year statute of limitations. Earl v. Winne, 14 N.J. 119, 132 (1953). Here, Byron asserts that the purported improper detention occurred on October 22, 2007, when Bincoletto and Alibrando interrogated him about his coupon control policy violation. (Am. Compl. ¶102.) Therefore,

Byron was required to file this claim on or before October 22, 2009. This claim, however, was not filed until July 7, 2010 – well outside the applicable statute of limitations – and must be dismissed.

## II. ALL OF BYRON'S FEDERAL LAW CLAIMS MUST BE DISMISSED BECAUSE THEY ARE TIME BARRED AND UNSUSTAINABLE AS A MATTER OF LAW.

Byron also asserts his claims of wrongful termination, hostile work environment, failure-to-promote and aiding and abetting under "federal civil rights and laws against discrimination." (See Am. Compl., Counts I through IV.) The Amended Complaint, however, does not contain the required "short and plain statement" of the specific federal claim Byron seeks relief under. Fed. R. Civ. P. 8(a)(2). Rather, Byron improperly pleads the unadorned "the-defendant-unlawfully-harmed-me accusation" and conveniently fails to identify which federal antidiscrimination and/or civil rights laws Defendants have violated. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (stating that pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The Federal Rules require Byron to plead both the factual **and** legal elements of his claims so that the Court (and Defendants) can determine whether the facts alleged in the Amended Complaint are sufficient to show that he has a "plausible claim for relief." Twombly, 550 U.S. at 570. Based on the Amended Complaint's factual matter, Defendants infer, for purposes of this motion only, that Byron is attempting to assert claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). [5]

---

[5] The Amended Complaint, in the factual allegation section, mentions Section 1981 of the Civil Rights Act of 1866. (Am. Compl. ¶66.) To the extent Byron is asserting claims under Section 1981, these claims must also be dismissed. The Amended Complaint fails to set forth sufficient factual matter to show that a Section 1981 claim is facially plausible. See Santiago v. City of Vineland, 107 F. Supp. 2d 512, 537 n. 7 (D.N.J. 2000) (stating that to survive motion to dismiss, plaintiff must allege, *inter alia*, that the "discrimination concerned one or more of the activities enumerated in § 1981, i.e., the making or enforcing of a contract") (citing 42 U.S.C. §1981

7

Claims under these "federal civil rights and laws against discrimination", however, are time barred and unsustainable as a matter of law.

### A.     All of Byron's Federal Claims (Counts I through IV) are Time Barred.

It is black-letter law that no plaintiff can raise a Title VII or ADA discrimination claim without first exhausting administrative remedies and subsequently commencing a civil action within 90 days of receipt of the notice of right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(e)-(f); 42 U.S.C. § 12117 (adopting limitations provisions set forth in Title VII); see also Burgh v. Borough Council, 251 F.3d 465, 470 (3d Cir. 2001); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  The 90-day requirement functions as statute of limitations and compliance with this statutorily-created limitations period is an absolute prerequisite to the commencement of an action under Title VII and the ADA.  Burgh, 251 F.3d at 470; Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 177 (3d Cir. 1999).  Indeed, the Third Circuit strictly construes the 90-day period and has held that a civil suit filed even one day late is time barred and must be dismissed.  Figueroa, 188 F.3d at 177 (citing Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986)).  Byron breached this 90-day limitations prerequisite with regard to all of his Title VII and ADA claims.

Byron alleges that, on April 9, 2010, the EEOC issued a notice of "Right-to-Sue" letter and dismissed his EEOC charge filed against A&P.  (Am. Compl. at ¶57.)  Byron claims to have received this Right-to-Sue letter on April 16.  (Id.)  Accordingly, the deadline for Byron to have filed his Title VII and ADA claims was July 15, 2010.  Byron did not, however, file these claims

---

(1994) and Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996)).  Further, these claims are time barred by the applicable two-year statute of limitations.  Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987) (applying state's two-year statute of limitations for personal injury to §1981 claim).

8

until October 7, 2010 – **174 days after** receiving his Right-to-Sue letter. Thus, Byron's Title VII and ADA claims are time barred and Counts I through IV must be dismissed.

> B. Byron Failed to Exhaust His Administrative Remedies with Regard to His Failure-to-Promote Claims (Count III).

Timely exhaustion of administrative remedies – like the 90-day limitations period – is an absolute prerequisite to commencing a civil action under Title VII and the ADA. See, e.g., Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (stating that under Title VII plaintiffs must exhaust administrative remedies "before they will be allowed access to federal judicial relief"). A plaintiff is required to exhaust his administrative remedies with regard to each claim asserted in a subsequent federal action. Where there are claims asserted in the subsequent federal action that have not been "exhausted", those claims are barred and must be dismissed. Webb v. City of Phil., 562 F.3d 256, 262-63 (3d Cir. 2009).

A plaintiff has "exhausted" his administrative remedies as to a particular claim only when that claim is "within the scope of the initial [EEOC] charge." Barzanty v. Verizon Pennsylvania, Inc., 361 Fed. Appx. 411, 414 (3d Cir. 2010) (citing Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996)). "After a charge is filed, the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Barzanty, 361 Fed. Appx. at 414 (quoting Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978)) (internal quotations omitted). Byron has asserted federal claims that are not within the scope of his EEOC charge, thus breaching the mandatory exhaustion prerequisite.

Byron now alleges that he applied for but was denied an assistant managerial position at A&P because of his race, color, disability and/or request for accommodation. (Am. Compl. ¶¶86-90.) These new allegations, however, are totally absent from Byron's EEOC charge and

9

are not reasonably related to any allegation in that Charge. Indeed, his Charge is completely devoid of *any* reference to an advancement opportunity, let alone the assistant managerial position he was denied on or about October 17, 2007. Rather, the Charge's allegations focus solely on the sporadic and isolated claims attributed to his store managers, his race and his termination. (Barry Decl., Ex. B). Based on the factual allegations found in the Charge, in which the alleged conduct and actions are completely different from Byron's new allegations pertaining to the discriminatory failure to promote, Byron's failure-to-promote claims cannot be deemed "within the scope" of his Charge. Therefore, dismissal of these claims – Count III – is warranted.

    **C.**    **Byron's Federal Claims Against the Individual Defendants (Count IV) Must be Dismissed Because There is No Individual Liability Under Title VII or the ADA.**

In Count IV, Byron asserts that Bincoletto and Alibrando aided and abetted the alleged discriminatory conduct asserted in Counts I through II in violation of Title VII and the ADA and, thus, should be liable in their individual capacitates. Third Circuit law is clear that individual employees, such as Bincoletto and Alibrando, cannot be held individually liable under Title VII or the ADA. See Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (no individual liability under Title VII); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 177 (3d Cir. 2002) (no individual liability under the ADA). Accordingly, all of Byron's federal claims against Bincoletto and Alibrando, as individuals, must be dismissed.

## **CONCLUSION**

Byron's claims are barred by the applicable statute of limitations and unsustainable as a matter of law. Therefore, Counts I through IV and Count VI should be dismissed in their entirety and with prejudice.

Dated: November 11, 2010

/s/ *John P. Barry*
John P. Barry (jbarry@proskauer.com)
Alychia L. Buchan (abuchan@proskauer.com)
PROSKAUER ROSE LLP