UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BYRON HUART and KEVIN HUART,                          :
                                                      :
                *Plaintiffs*,        :   **CIVIL ACTION NO.: 10-5437 (FSH)(PS)**
                                                      :
   v.                                                 :
                                                      :
THE GREAT ATLANTIC & PACIFIC TEA                      :
COMPANY, INC., A&P, TONY ALIBRONDO,                   :
JOHN BINCELLETO, JOHN DOES 1-15                       :
(fictitious entities), and XYZ CORPORATIONS           :
1-5 (fictitious entities),                            :
                                                      :
                *Defendants*.       :
                                                      :
                                                      :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINITFFS' OPPOSITION TO, AND IN FURTHER SUPPORT OF, THEIR PARTIAL MOTION TO DISMISS**

---

                                            PROSKAUER ROSE LLP
                                            John P. Barry
                                            *jbarry@proskauer.com*
                                            Alychia L. Buchan
                                            *abuchan@proskauer.com*
                                            One Newark Center, 18th Floor
                                            Newark, New Jersey 07102-5211
                                            T:  973.274.3200
                                            F:  973.274.3299

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..............................................................................................1

LEGAL ARGUMENT ..........................................................................................................2

I. DEFENDANTS TIMELY FILED THIS MOTION AND ASSERTED THEIR
STATUTE OF LIMITATIONS DEFENSE. ..................................................................2

II. BYRON'S FEDERAL CLAIMS ARE UNTIMELY BECAUSE THEY
WERE NOT ASSERTED UNTIL PLAINTIFFS' AMENDED COMPLAINT. ................3

    A. The Original Complaint Did Not Provide "Fair Notice"
Of Plaintiffs' Federal Claims. ........................................................................3

    B. Bryon's Untimely Federal Claims Do Not Relate Back
To His Original Complaint. ...........................................................................6

III. BYRON'S REBUTTAL STATEMENT TO THE EEOC CANNOT
BE USED TO ENLARGE THE SCOPE OF HIS INITIAL CHARGE. ............................7

IV. PLAINTIFFS MUST BE REQUIRED TO PROVIDE A MORE
DEFINITE STATEMENT AS TO THEIR SECTION 1981 CLAIMS. ............................9

V. BYRON'S TITLE VII AND ADA CLAIMS AGAINST
THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED. ......................................11

VI. BYRON'S NJLAD CLAIM MUST BE DISMISSED BECAUSE
EQUITABLE TOLLING IS NOT APPLICABLE. .........................................................11

CONCLUSION ...................................................................................................................15

# **TABLE OF AUTHORITIES**

**CASES**

*Baldwin County Welcome Center v. Brown*,
    466 U.S. 147 (1983)..................................................................................... 6-7, 11

*Barzanty v. Verizon Pennsylvania, Inc.*,
    361 Fed. Appx. 411 (3d Cir. 2010)................................................................... 8-9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................4

*Bensel v. Allied Pilots Ass'n*,
    387 F.3d 298 (3d Cir. 2004), *cert, denied*, 544 U.S. 1018 (2005).............................6

*Bradford-White Corp. v. Ernst & Whinney*,
    872 F.2d 1153 (3d Cir. 1989).....................................................................................3

*Buck v. Hampton Twp. Sch. District*,
    452 F.3d 256 (3d Cir. 2006)................................................................................ 7-8

*Collins v. Chichester Sch. Dis.*,
    No. 96-cv-6039, 1998 WL 351718 (E.D. Pa. June 29, 2008)....................................5

*Conley v. Gibson*,
    355 U.S. 41 (1957).....................................................................................................4

*Davis v. UPS*,
    No. 07-cv-5923, 2008 WL 4104680 (D.N.J. Sept. 4, 2008).......................................8

*Delaware State College v. Ricks*,
    449 U.S. 250 (1980)................................................................................................13

*Dunn v. Boro. Of Mountainside*,
    301 N.J. Super. 262 (App. Div. 1997), *certif., denied*, 153 N.J. 402 (1998)............12

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009).......................................................................................4

*Freeman v. State*,
    347 N.J. Super. 11 (App. Div.), *certif., denied*, 172 N.J. 178 (2002).......................12

*Fuller v. Marx*,
    724 F.3d 717 (8th Cir. 1984) .....................................................................................6

*Goodlins v. Warner-Lambert Co.*,
    744 F.2d 354 (3d Cir. 1984)..................................................................................8

*G.S. v. Rumson Bd. Of Educ.*,
    2010 WL 1753270 (App. Div. May 3, 2010) ......................................................12

*Hooks v. State*,
    208 F.3d 226 (10th Cir. 2000) ..............................................................................5

*Int'l Union of Electrical Workers v. Robbins & Myers*,
    429 U.S. 229 (1976)............................................................................................13

*Irwin v. Dep't of Veterans Affairs*,
    498 U.S. 89 (1990)..............................................................................................12

*Johnson v. Railway Express Agency, Inc.*,
    421 U.S. 454 (1975)............................................................................................13

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369 (2004)............................................................................................10

*Patterson v. McLean Credit Union*,
    491 U.S. 164 (1989)............................................................................................10

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
    998 F.2d 1192 (3d Cir. 1993)................................................................................8

*Peter v. Lincoln Tech. Ins., Inc.*,
    255 F. Supp. 2d 417 (E.D. Pa. 2002) ..................................................................14

*Podobnik v. U.S. Postal Serv.*,
    409 F.3d 584 (3d Cir. 2005)................................................................................12

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
    288 F.3d 548 (3d Cir. 2002)................................................................................10

*Robinson v. Johnson*,
    313 F.3d 128 (3d Cir. 2002)..................................................................................3

*Sands v. McCormick*,
    502 F.3d 263 (3d Cir. 2007)..................................................................................7

*Scibelli v. Lebanon County, PA*,
    219 Fed. Appx. 221 (3d Cir. Mar. 7, 2007) ..........................................................5

*Scott v. IBM Corporation*,
    196 F.R.D. 233 (D.N.J. 2000)........................................................................ 13-14

Seitzinger *v. Reading Hospital and Medical Center*
     165 F.3d 236 (3d Cir. 1999)...................................................................................12

*Teilhaber v. Green*,
     320 N.J. Super. 453 (App. Div. 1999) .....................................................................4

*Toscano v. Dep't of Labor and Workforce Dev.*,
     2006 WL 1223137 (App. Div. May 9, 2006) .........................................................12

*U.S. v. Midgley*,
     142 F.3d 174 (3d Cir. 1998).....................................................................................12


**STATUTES**

28 U.S.C. §1446(b) ..............................................................................................................2

28 U.S.C. §1447....................................................................................................................2


**RULES**

29 C.F.R. §1601.28 .............................................................................................................14

*Fed. R. Civ. P.* 15(c) ............................................................................................................6

*Fed. R. Civ. P.* 81(c) ............................................................................................................2

Local Rule 6.1 ................................................................................................................. 1-2

iii

Defendants The Great Atlantic & Pacific Tea Company, Inc.'s ("A&P"), John Bincoletto and Anthony Alibrando (collectively, "Defendants") submit this reply brief in further support of their partial motion to dismiss the Amended Complaint of plaintiff Byron and Kevin Huart.

## PRELIMINARY STATEMENT

Try as they might to do so – whether by misrepresenting facts, law or the allegations contained in their very own Complaint – Plaintiffs cannot evade clear state and federal precedent warranting the dismissal of Byron's claims because they are time-barred.  As more fully explained below:

(1)  Contrary to Plaintiffs' representation, this Motion was timely filed.  Defendants were granted a clerk's extension pursuant to Local Rule 6.1 to answer, move or otherwise respond to Plaintiffs' Amended Complaint until November 11, 2010 – the day this Motion was filed;

(2)  Plaintiffs were required to identify the facts and legal theories upon which they were entitled to relief and, in the Original Complaint, the only legal theories identified were the NJLAD and New Jersey common law.  Thus, Byron's federal claims do not relate back to the Original Complaint;

(3) The undated and unsworn rebuttal statement submitted to the EEOC, which was not drafted by Byron or his counsel, cannot be used to enlarge the scope of Byron's EEOC charge.; and

(4)  Plaintiffs present no legally recognizable justification to equitably toll the NJLAD's two-year statute of limitations.  Plaintiffs and their attorneys were not prevented from asserting Byron's claims under the NJLAD within two years from his discharge and knew or should have know that by not asserting Byron's NJLAD claims in a timely manner, he lost the right to later

do so.  This conscious failure to act with due diligence on Byron's NJLAD claims does not rise to a situation worthy of equitable tolling.

## LEGAL ARGUMENT

**I.  DEFENDANTS TIMELY FILED THIS MOTION AND ASSERTED THEIR STATUTE OF LIMITATIONS DEFENSE.**

This Motion was timely filed on November 11, 2010.  To suggest otherwise, Plaintiffs disingenuously omit reference to Defendants application pursuant to Local Rule 6.1 for, and receipt of, a Clerk's extension to extend their time to answer, move or otherwise respond to the Amended Complaint from November 1, 2010 to **November 11, 2010.**  (*See* the Supplemental Declaration of John P. Barry ("Supp. Decl."), Ex. 1.)

Further, Defendants filed a proper and timely Notice of Removal on October 21, 2010.[1] Simultaneously therewith, Defendants also filed (and served on Plaintiffs' counsel) an application and order for an extension of time to answer, move or otherwise reply to the Amended Complaint pursuant to Local Rule 6.1(b).  This Local Rule provides in pertinent part: "The time within which to answer or reply may, before its first expiration and with or without notice, be extended once for a period not to exceed 14 days on order granted by the Clerk." Because Defendants' time to respond to the Amended Complaint had not yet expired under *Fed. R. Civ. P.* 81(c), the Clerk entered an Order dated October 22, 2010 extending Defendants' time to answer, move or otherwise reply to the Amended Complaint up to and including November 11, 2010 – the date this Motion was filed.  (*Id.*)

---

[1] Plaintiffs' contention, found in footnote 1 of the Opposition Brief, that their Original Complaint was the "initial pleading" setting forth the grounds for removal is meritless (see Section II, *infra*) and improper as to this Motion. The proper procedural mechanism for bringing this contention is not in opposition to this Motion but on a motion to remand (for which Plaintiffs know full well there is no basis) pursuant to 28 U.S.C. §1447.  Furthermore, Plaintiffs' representation to the Court, found in Opposition Brief footnote 2, that Defendants failed to attach the Original Complaint to the Notice of Removal as required by 28 U.S.C. §1446(b) is legally and factually inaccurate.  Section 1446 did not require Defendants to file a copy of the Original Complaint with their Notice of Removal; nevertheless, Defendants attached a copy of the Original Complaint as Exhibit A to the Notice of Removal.

2

Finally, Plaintiffs' suggestion that Defendants waived their limitations defense regardless of the timeliness of this Motion lacks any legal support and is nonsensical. Defendants are required only to assert their limitations defense as soon as reasonably possible. *See Robinson v. Johnson*, 313 F.3d 128, 137 (3d Cir. 2002) (affirmative defenses should be raised at the earliest practicable moment after an answer). And that is exactly what Defendants did. They pursued their limitations defense in the first responsive pleading filed in this action – this Motion. There has been no delay in asserting this defense, let alone delay that would warrant waiver as Plaintiffs suggest. The parties have not even commenced discovery. *Cf. Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1160-61 (3d Cir. 1989) (limitations defense waived because never pursued until post-trial motions). Thus, Defendants did not waive their statute of limitations defense asserted in this timely Motion.

## II. BYRON'S FEDERAL CLAIMS ARE UNTIMELY BECAUSE THEY WERE NOT ASSERTED UNTIL PLAINTIFFS' AMENDED COMPLAINT.

### A. The Original Complaint Did Not Provide "Fair Notice" Of Plaintiffs' Federal Claims.

With assistance of counsel, Plaintiffs strategically drafted the Original Complaint to assert discrimination claims only under the New Jersey Law Against Discrimination ("NJLAD") and filed this state law complaint in New Jersey state court. Specifically, the Original Complaint alleges that Plaintiffs are within a NJLAD protected class:

> (1) [Byron's] developmental disability constitutes a 'disability' under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:1-1 et seq. and therefore Byron belongs to a protected class under LAD, (Compl. ¶2)[2];
>
> (2) Plaintiff Byron is African American and therefore is in a protected class under LAD, (*Id.* at ¶3); and

---

[2] Plaintiffs inappropriately attach a copy of the Original Complaint directly to their Memorandum of Law in Opposition to Defendants' Motion and without a declaration. Nevertheless, the Original Complaint shall be referenced herein as "(Comp. ¶[number])".

3

>    (3) Plaintiff Kevin is African American and therefore is in a protected class under LAD, (*Id.* at ¶4).

The Original Complaint also asserts that Defendants "constitute employers under LAD," (*Id.* at ¶58) and, in almost every count, states that "[f]or the aforementioned reasons, Defendants are liable under LAD." (*Id.* at ¶¶73, 80, 86, 94, 112.)

Unlike its specificity with regard to the NJLAD, the Original Complaint asserts **no** allegation that Plaintiffs are within a class protected by, or that Defendants constitute an employer under, a federal discrimination and/or civil rights law.  Nor does it assert that Defendants violated any federal discrimination and/or civil rights law, let alone identify the specific federal claim being asserted.  Acknowledging the Original Complaint's lack of reference or implication to their federal claims asserted in the Amended Complaint, Plaintiffs ask this Court to adopt a new pleading standard.  (Opp. Br. 7-11.)

Plaintiffs contend that they were required only to plead facts with a request for relief and not required to "spell out" their legal theories.  Although Plaintiffs represent to this Court that this pleading standard is "well-established," they conveniently fail to cite any supportive federal or state case law.  This is because none exists.  To the contrary, the relevant pleading standards required Plaintiffs to identify the facts and legal theories upon which they are entitled to relief and to provide Defendants with "fair notice" that they were also asserting claims under federal discrimination and/or civil rights laws.  *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("give the defendant fair notice of what the … claim is and the grounds upon which it rests") (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that factual and legal elements must be sufficiently set forth and separate to survive motion to dismiss); *Teilhaber v. Green*, 320 N.J. Super. 453, 464 (App. Div. 1999) (complaint must "fairly apprise the adverse party of the claims and issues to be raised

4

at trial"). *See also Scibelli v. Lebanon County, PA,* 219 Fed. Appx. 221, 222 (3d Cir. Mar. 7, 2007) (dismissing complaint because failed to "identify a federal constitutional or statutory basis for relief); *Hooks v. State*, 208 F.3d 226 (10th Cir. 2000) (concluding that complaint failed to comply with pleading requirements of Rule 8(a) because it did not sufficiently identify the applicable legal theories); *Collins v. Chichester Sch. Dis.*, No. 96-cv-6039, 1998 WL 351718 (E.D. Pa. June 29, 2008) (granting motion to dismiss because "Amended Complaint was vague and failed to specify which particular allegation violated which legal theory and to identify relevant material elements for a cause of action"). Plaintiffs did not provide any notice much less the requisite "fair notice" of their federal claims in the Original Complaint.

In addition, Plaintiffs argue that the Original Complaint's random use of the phrase "violates laws against discrimination," provided "fair notice" to Defendants of their federal claims as it "necessitates a reading of multiple anti-discrimination laws." (Opp. Br. 11.) Not only do Plaintiffs fail to cite any supporting case law, this argument: (i) is not supported by the Original Complaint's language limiting Plaintiffs' claims to violations under the NJLAD; (ii) would improperly deviate from the well-established "fair notice" pleading requirement; (iii) would place an impermissible burden on defendants to assume that, by inclusion of this general allegation, the plaintiff is asserting *every* discrimination claim under *every* local, state and federal law against discrimination; and (iv) would effectively change the rules and decades of caselaw governing removal as every discrimination claim advanced under state law like the NJLAD would be deemed to include federal claims that warrant removal.

In sum, the Original Complaint, drafted by Plaintiffs' counsel, did not provide fair notice of Plaintiffs' federal discrimination and/or civil rights claims. These claims were, for the first

time, asserted in the Amended Complaint. Consequently, all of Byron's federal claims (Counts I through IV) are time barred.

### B. Bryon's Untimely Federal Claims Do Not Relate Back To His Original Complaint.

Plaintiffs – again without citing any supporting case law – make the assumption that they can amend their complaint at any point to allege a new theory of recovery and regardless of statute of limitations prohibitions, as long as they do not allege any new facts in the Amended Complaint. (Opp. Br. 12-14.) Their assumption, however, misunderstands the import of Third Circuit precedent as the key issue in the relates-back doctrine is **not** whether they added any facts when they amended their complaint.

Whether amendments, such as Byron's new federal discrimination claims, qualify under the "relates-back" doctrine set forth in *Fed. R. Civ. P.* 15(c) is not simply an identity of transaction test. Rather, the critical element is whether the opposing party has been put on notice regarding the fact situation **and the legal theory** upon which the amending party proceeds. *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), *cert, denied*, 544 U.S. 1018 (2005); *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150-51 n.3 (1983); *Fuller v. Marx*, 724 F.3d 717 (8th Cir. 1984) (additional claim did not relate back because defendant had not been put on notice). Only if the amended pleading has performed that function, will the amendment be allowed to relate back to prevent the running of the limitations period. *Id.*

As previously explained, the Original Complaint, filed in New Jersey state court, gave no notice to Defendants that they would be called upon to defend against claims under federal discrimination and/or civil rights laws. Indeed, the Amended Complaint does more than fill in details as it asserts new claims arising under completely different statutory schemes enacted by

6

two different jurisdictions, which are wholly independent from each other. Further, contrary to Plaintiffs' disillusioned contention, the Original Complaint was not written in broad brush that could easily be read to encompass the more particularized claims that appear in the Amended Complaint. Plaintiffs, with assistance of counsel, strategically drafted the Original Complaint narrowly to invoke only NJLAD claims, which was not intended to – and did not – place Defendants on notice that Plaintiffs would also be invoking federal claims. Thus, the relates-back doctrine is inapplicable to Byron's federal claims (Counts I through IV).

In addition, because the Original Complaint does not contain notice of Byron's federal claims, it does not meet the 90-day limitations period and, thus, is not an initial pleading that could be used to rehabilitate an untimely claim. *See Baldwin*, 466 U.S. at 149-50. Plaintiffs do not and cannot dispute that to assert a viable Title VII or ADA claim they were required to commence a civil action under federal law within 90 days after their receipt of a right-to-sue letter. As discussed at length, *supra*, the Original Complaint did not assert a Title VII or ADA claim, itself failing to meet the 90-day limitations requirement. This is **not** the situation where the plaintiff asserted a federal claim and, then, amended his complaint to expound on that federal claim. Here, Plaintiffs provide no notice of their federal claims until their Amended Complaint, which was untimely. Thus, the Original Complaint cannot be used to resuscitate Byron's untimely federal claims even if the relates-back doctrine were applied. *Id.*

### III. BYRON'S REBUTTAL STATEMENT TO THE EEOC CANNOT BE USED TO ENLARGE THE SCOPE OF HIS INITIAL CHARGE.

It is black-letter law that this Court, in considering a motion to dismiss, may rely on matters of judicial notice and public record, as well as any documents on which the plaintiff's complaint relies. *See, e.g., Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Buck v. Hampton Twp. Sch. District*, 452 F.3d 256, 260 (3d Cir. 2006). Byron's EEOC charge falls into

several of these categories, including matters of public record and documents on which the complaint relies.  *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1193 (3d Cir. 1993); *Buck*, 452 F.3d at 260; *Davis v. UPS*, No. 07-cv-5923, 2008 WL 4104680, *2 (D.N.J. Sept. 4, 2008)(citing *Goodlins v. Warner-Lambert Co.*, 744 F.2d 354, 358 n. 5 (3d Cir. 1984)).  Thus, contrary to Plaintiffs' unfounded accusations, Defendants properly annexed to the Declaration in Support of this Motion a true and accurate copy of Byron's charge of discrimination filed with the EEOC.  Further, Defendants had no obligation to, and could not also, annex Byron's entire EEOC file as Byron's EEOC file was not disclosed to Defendants and is irrelevant to this Motion.

It is undisputed that Byron's additional "failure-to-promote" claims are absent from his EEOC charge.  In an attempt to side-step this fatal defect, Plaintiffs try to rely upon an undated and unsworn rebuttal statement submitted to the EEOC that was not drafted by Byron or his attorney.  Plaintiffs, however, cannot be permitted to transpose the allegations mentioned only in this rebuttal statement to the Charge itself.

Plaintiffs offer no authority for allowing such submission to form part of the original charge and ignore the holding of *Barzanty v. Verizon Pennsylvania, Inc.*, 361 Fed. Appx. 411 (3d Cir. 2010).  That case stands for the proposition that the rebuttal statement (or Byron's entire EEOC file) should not be incorporated into the EEOC charge to enlarge its scope.

There, the plaintiff attempted to use her answers to the EEOC intake questionnaire to enlarge the scope of her EEOC charge. 361 Fed. Appx. at 415.  The Third Circuit concluded that the questionnaire was not shared with the employer during the pendency of the EEOC investigation as compared with the EEOC charge which serves to define the scope of the Commission's investigation and to notify the defendant of the charges against it.  *Id.*  Because of

8

these differences, the Third Circuit refused to allow the plaintiff to transfer the allegations mentioned only in the questionnaire to the charge itself. *Id.*

Plaintiffs, like Barzanty, included statements in an EEOC filing which neither appeared in Byron's Charge nor were reasonably related to the allegations therein. Only the Charge—not the rebuttal statement —was served upon Defendants and that pleading defined the scope of the EEOC's investigation. Defendants only responded to the allegations set forth in the Charge and had no notice of Byron's "failure-to-promote" claims until the Original Complaint was filed in July 2010. The case at bar, however, is even more compelling than *Barzanty* because the rebuttal statement was not drafted by Byron or his attorney and is unsworn. Therefore, as the Third Circuit did in *Barzanty,* this Court should confirm that Byron has failed to exhaust his administrative remedies and dismiss his federal failure-to-promote claims.

Moreover, even assuming the Court considers the rebuttal statement, the failure-to-promote allegations are still missing from that document. No where in the rebuttal statement does it mention that Byron applied for but was denied an assistant managerial position as alleged in Plaintiffs' complaint in support of his failure-to-promote claims. (Compl. ¶74.) Thus, these allegations must be dismissed.

### IV.  PLAINTIFFS MUST BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT AS TO THEIR SECTION 1981 CLAIMS.

Plaintiffs, for the first time, contend that they are also asserting Section 1981 claims against Defendants. These claims, purportedly asserted in the Amended Complaint, are so vague and ambiguous that Defendants cannot reasonably prepare a response to or defend against same. Consequently, Plaintiffs should be required to provide a more definite statement as to Byron's §1981 claims and plaintiff Kevin Huart's §1981 claims (if any).

A more definitive statement is particularly critical to Defendants' affirmative defenses and, if not provided, may unduly prejudice Defendants. For example, the Amended Complaint is vague as to the facts that give raise to Byron's plausible §1981 claims. To establish a right for relief under §1981, Byron must show: (1) that he belongs to a racial minority; (2) that Defendants intended to discriminate against him on the basis of race; and (3) that the discrimination concerns one or more of the activities enumerated in §1981, including the right to make and enforce contracts. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). With regard to the third element, Plaintiffs cite paragraph 13 of the Amended Complaint and, then, assert that this paragraph "clearly" alleges that Byron had an employment contract with Defendants. (Opp. Br. 18.) This paragraph, however, alleges only that Byron was employed by A&P from April 2006 until his discharge on or about October 24, 2007 and includes no mention of any contract.

Likewise, the Amended Complaint is vague and ambiguous as to the nature of Byron's §1981 claims. This is highly prejudicial to Defendants because their limitations defense is governed by the nature of the §1981 claim and whether that claim is made possible by the 1991 amendments to §1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Indeed, a §1981 failure-to-promote claim is subjected to a two-year statute of limitations because it would have been cognizable under pre-1991 amendments §1981, *see Patterson v. McLean Credit Union*, 491 U.S. 164, 185-86 (1989), while a §1981 wrongful termination claim may be subject to a four-year statute of limitations if it would not have been cognizable but for the 1991 amendments, *see Jones*, 541 U.S. at 383. Thus, Plaintiffs should be required to provide a more definite statement as to their §1981 claims so that Defendants may properly pursue and preserve their affirmative defenses and provide a response to same.

### V. BYRON'S TITLE VII AND ADA CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED.

Defendants move to dismiss Byron's Title VII and ADA claims asserted against individual defendants Bincoletto and Alibrando. (Mov. Br. 10.) Plaintiffs do not and cannot oppose the dismissal of these claims. Plaintiffs inexplicitly suggest that Defendants also move to dismiss Byron's NJLAD and §1981 claims based on "no individual liability." (Opp. Br. 20.) Defendants move to dismiss these claims on other grounds, *see* Section VI, *infra*, and Section IV, *supra*; however, any suggestion that they only move on a "no individual liability" theory is simply inaccurate.

### VI. BYRON'S NJLAD CLAIM MUST BE DISMISSED BECAUSE EQUITABLE TOLLING IS NOT APPLICABLE.

Byron admits that he failed to file his NJLAD claims within the mandatory two-year statute of limitations. Therefore, his NJLAD claims must be dismissed unless Byron can establish grounds for equitable tolling. Plaintiffs suggest that equitable tolling will salvage Byron's NJLAD claims[3] because: (1) he wanted to file both his state and federal discrimination claims in the same litigation but could not timely do so because of the EEOC's delay in issuing a right-to-sue letter; and (2) Defendants will not be prejudiced. (Opp. Br. 20-24.) These contentions, however, are unavailing and do not warrant equitable tolling because they: (1) furnish no basis for invoking the extraordinarily narrow doctrine of equitable tolling; (2) are unsupported by any case law; and (3) conveniently ignore the fact that Plaintiffs' Original Complaint did not assert their state and federal rights. Moreover, it is black-letter law that the "lack of prejudice" cannot be used as a factor for justifying equitable tolling. *See Baldwin*, 466 U.S. at 156 (absence of prejudice "is not an independent basis for invoking the [equitable tolling]

---

[3] Plaintiffs do not and cannot oppose the dismissal of Byron's false imprisonment claim as time barred. Therefore, Count VI must be dismissed with prejudice.

11

doctrine"); *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 242 (3d Cir. 1999); *G.S. v. Rumson Bd. Of Educ.*, 2010 WL 1753270, *6 (App. Div. May 3, 2010) ("absence of a specified prejudice on defendant's part **does not** excuse plaintiffs' dilatory failure to file a state court complaint promptly…") (emphasis added).

Equitable tolling is an extraordinary remedy which should be applied only sparingly. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). Under Third Circuit and New Jersey law, equitable tolling may only be appropriate: "(1) if the defendant has actively misled the plaintiff; (2) if the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Freeman v. State*, 347 N.J. Super. 11, 21 (App. Div.), *certif., denied*, 172 N.J. 178 (2002); *Dunn v. Boro. Of Mountainside*, 301 N.J. Super. 262, 275 (App. Div. 1997), *certif., denied*, 153 N.J. 402 (1998). Further, a plaintiff will not receive the benefit of equitable tolling unless he exercised due diligence in pursuing and preserving his claims. *Irwin*, 498 U.S. at 96; *Toscano v. Dep't of Labor and Workforce Dev.*, 2006 WL 1223137, *1 (App. Div. May 9, 2006) (dismissing NJLAD claim as time barred and not applying equitable tolling because plaintiff aware of claim and did not act with diligence).

Here, Plaintiffs make no allegations – nor could they – that Defendants actively misled them or that Plaintiffs timely asserted Byron's NJLAD claims mistakenly in the wrong forum. Further, Plaintiffs have not and cannot not allege that Byron exercised due diligence in pursuing and preserving his NJLAD claims. Instead, Plaintiffs openly admitted that they purposefully slept on Byron's NJLAD claims until a right-to-sue letter was issued so that

12

Plaintiffs could file a complaint asserting both state and federal discrimination claims. Surprisingly, the Original Complaint only asserts claims under the NJLAD.

Such reasoning clearly does not fall within the narrow purview of the equitable tolling doctrine. Byron was not, in some extraordinary way, prevented from asserting his NJLAD claims. Plaintiffs cite no authority to the contrary nor could they. There is absolutely nothing in the NJLAD, Title VII or ADA statutory frameworks that prevented Byron from asserting his NJLAD claims until a right-to-sue letter was issued. Indeed, there is no question that Byron's NJLAD claims are independent from and co-extensive with his Title VII and ADA claims. *See, e.g., Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, (1975) (noting that Congress explicitly intended to allow individuals to pursue independently rights under both Title VII and other applicable state and federal statutes). And, as such, courts have refused to toll the Title VII and NJLAD limitations period due to the filing of an independent discrimination claim, even if it related to the same factual circumstances.

For example, in *Scott v. IBM Corporation*, 196 F.R.D. 233 (D.N.J. 2000), a court, in this District, concluded that the filing of an EEOC charge does not provide a basis for tolling the NJLAD or §1981 limitations period. In its conclusion, the court explained that the filing of an EEOC charge based on the same claims the plaintiff later brought in his civil lawsuit showed that the plaintiff was aware of his rights but simply chose to sleep on those rights. *Id.* at 252-3. *See also Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980) (pendency of grievance or any method of collateral review of employment decision does not toll EEOC filing period); *Int'l Union of Electrical Workers v. Robbins & Myers*, 429 U.S. 229, 238 (1976) (Title VII filing period not tolled wile plaintiff pursued grievance or arbitration process, even though based on same facts); *Johnson*, 421 U.S. 454 (filing EEOC charge asserting Title VII remedies did not toll

limitations period for Federal Torts Claims Act or Labor Management Relations Act claims); *Peter v. Lincoln Tech. Ins., Inc.*, 255 F. Supp. 2d 417, 428-9 (E.D. Pa. 2002) (filing FMLA complaint did not toll ADA limitations period). Byron, like Scott, based his NJLAD claims on allegations similar to those asserted in his EEOC charge. Even more concerning, then in *Scott*, is the fact that Byron admittedly chose to sleep on his NJLAD claims until receipt of a right-to-sue letter. Thus, this Court should adopt the holding in *Scott*, and not toll the statute of limitations.

Moreover, the EEOC specifically advised Byron that "[i]f you also plan to sue claiming violations of State law, please be aware that time limits and other provision of State law may be shorter or more limited [than Title VII or the ADA]" (Supp. Decl., Ex. B.) And, the fact that it took the EEOC two and a half years to issue a right-to-sue letter is of no moment. Not only was Byron not prohibited from commencing his NJLAD civil action before such issuance, Bryon or his counsel could have requested a Notice of Right-to-Sue. Pursuant to 29 C.F.R. §1601.28, if more than 180 days have passed from the charge filing date, upon the plaintiff's request, the EEOC must issue him a right-to-sue letter.

Plaintiffs have not and cannot provide grounds warranting equitable tolling of the NJLAD limitations period. Accordingly, all of Byron's NJLAD claims must be dismissed (Counts I through IV).

## CONCLUSION

For the reasons set forth above and in Defendants' Moving Brief, Byron's claims are barred by the applicable statute of limitations and unsustainable as a matter of law. Accordingly, Counts I through IV and Count VI should be dismissed in their entirety and with prejudice.

Dated:   December 1, 2010

                /s/ *John P. Barry*
                John P. Barry (jbarry@proskauer.com)
                Alychia L. Buchan (abuchan@proskauer.com)
                PROSKAUER ROSE LLP
                *Attorneys for Defendants*