NOT FOR PUBLICATION                                          CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| BYRON HUART and KEVIN HUART, | : Hon. Faith S. Hochberg |
| | : |
| Plaintiffs, | : Civil No. 10-5437 (FSH) (PS) |
| v. | : |
| | : **ORDER** |
| THE GREAT ATLANTIC & PACIFIC TEA | : |
| COMPANY, INC., *et al.*, | : Date: January 11, 2011 |
| | : |
| Defendants. | : |
| | : |

**HOCHBERG, District Judge:**

The Court having stayed the above-captioned action on December 30, 2010 with respect to defendant The Great Atlantic & Pacific Tea Company, Inc. ("A&P"), pursuant to the automatic stay provision of 11 U.S.C. § 362, and

the Court having ordered the parties to state their positions on whether the entire case should be stayed; and

it appearing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance," *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); and

it appearing that a stay would obviate the unnecessary duplication of effort that would result if plaintiffs litigated their claims against the individual defendants and those against A&P separately; and

it appearing that litigating the claims against the individual defendants (who are A&P employees) might prejudice A&P; and

it appearing that a stay is warranted;

IT IS on this 11th day of January, 2011, **ORDERED** that all proceedings in this action are hereby **STAYED.**  The clerk is respectfully directed to administratively terminate the case; and it is further

**ORDERED** that defendants shall promptly notify the Court and the plaintiffs of the outcome of A&P's bankruptcy proceedings upon their conclusion.[1]

    /s/ Faith S. Hochberg         
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[1]     In addition to opposing the stay, plaintiffs request that the Court partially lift the automatic stay with respect to A&P so that they may assert a negligence claim for which A&P might have insurance coverage.  Any request to lift the automatic stay in whole or in part must be directed to the bankruptcy court.  In any event, the same concerns of efficiency and judicial economy militate against permitting plaintiffs to assert their claims in piecemeal fashion.